IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **AARON JORDAN,**<br><br>　　　*Plaintiff,*<br><br>**v.**<br><br>**WALTON COUNTY,** *et al.,*<br><br>　　　*Defendants.* | **CIVIL ACTION NO.**<br>**3:26-cv-00044-TES** |

### ORDER OF DISMISSAL

Pro se Plaintiff Aaron Jordan commenced this civil action on April 22, 2026, by filing a complaint [Doc. 1] and moving for leave to proceed *in forma pauperis* ("IFP")—that is, without prepaying fees and costs. [Doc. 2]. The Court granted Plaintiff IFP status and ordered him to recast his complaint. [Doc. 4]. The Court now reviews Plaintiff's recast complaint pursuant to 28 U.S.C. § 1915(e). Upon review, the Court **DISMISSES** Plaintiff's claims. [Doc. 6].

As a brief review from the Court's previous order, Plaintiff is proceeding IFP. So, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). Even construed liberally, though, Plaintiff's recast complaint is not sufficient. Plaintiff brings suit under 42 U.S.C. § 1983, asserting

various constitutional and statutory violations. [Doc. 6, p. 3]. In short, he alleges he called 911 for help, but the Defendant officers disregarded his health and safety and involuntarily sedated him. [Doc. 6-1, p. 1]. He then lists several ways this violated his rights, including racism, violating his religious beliefs, introducing him to a risk of death by sedation, unwanted touching, and forced injection of drugs. [*Id.* at pp. 1–2].

Plaintiff attached both an "after visit summary" from the hospital and the police report as exhibits to his recast complaint. [Doc. 6-2]; [Doc. 6-4]. A review of these exhibits reveals that Plaintiff locked himself in the water heater closet at the house he shared with his mother and sister, armed with a hammer, hatchet, and machete. [*Id.*]. He displayed signs of a "crisis," including mood swings and claiming he was being held captive by life circumstances. [*Id.*]. Plaintiff's sister told police he had gotten in her face, screamed, and cursed at her, including threats of violence earlier that day. [*Id.*]. She and Plaintiff's mother showed police text messages supporting these claims. [*Id.*]. Defendant officers arrested Plaintiff for simple assault and took him to Piedmont Hospital for a psychiatric evaluation. [*Id.* at p. 5]. Piedmont's staff placed him in an involuntary 1013 hold. [*Id.*]. The hospital's diagnosis was psychosis. [Doc. 6-2].

Taken together, these facts show that Plaintiff's claims are frivolous because they lack an arguable basis in law or fact. Plaintiff's mental state and actions prior to his arrest gave officers adequate grounds to arrest him, remove him from his current situation, and take him to get evaluated and treated. The procedures followed and the

3

actions of the officers more than complied with Georgia law. *See Errica L. v. Comm'r, Soc. Sec. Admin.*, No. 1:17-cv-01774-AJB, 2018 WL 4377568, at *3 n.8 (N.D. Ga. Sept. 13, 2018) (summarizing Georgia's 1013 process); *see also* O.C.G.A. § 37-3-42 (detailing involuntary hospitalization procedures). Without any actions that violate Plaintiff's rights and support his claims, his claims are frivolous. Based on the foregoing, the Court **DISMISSES** Plaintiff's claims as frivolous pursuant to 28 U.S.C. §1915(e). [Doc. 6].

**SO ORDERED**, this 15th day of May, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4